02D01-2209-CT-000471

Filed: 9/20/2022 4:54 PM
Clerk
Allen County, Indiana

USDC IN/ND case 1:22-cv-00375-HAB-SLC document 5 filed 09/20/22 page 1 of 6

Allen Superior Court 1

JS

| STATE OF INDIANA | ) | IN ALLEN COUNTY SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

| KAROLEE GREGERSON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| STONEMOR, INC., d/b/a | ) |
| COVINGTON MEMORIAL GARDENS & | ) |
| FUNERAL HOME, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

COMES NOW Plaintiff Karolee Gregerson, and alleges against the Defendant as follows:

1. The Plaintiff is Karolee Gregerson, a resident of Huntington Indiana at all material times of this Complaint.

2. The Defendant is StoneMor, Inc., d/b/a Covington Memorial Gardens & Funeral Home, a company doing business at 8408 Covington Road, Fort Wayne, Indiana 46804. At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination and Employment Act of 1967, 29 U.S.C. 621 *et seq.* ("ADEA").

3. The Plaintiff filed a Charge of Discrimination with the Indiana Civil Rights Commission, EEOC No. 470-2021-03314 on August 24, 2021, a copy of which is attached hereto, incorporated herein, and made a part of hereof as Exhibit "A". An

    Amended Charge was filed on December 27, 2021 with the EEOC, Charge No. 470-2021-00314, a copy of which is attached hereto, incorporate herein, and made a part of hereof as Exhibit "B". The EEOC issued its Determination and Notice of Rights/Notice of Right to Sue ("NORTS") on September 7, 2022, a copy of which is attached hereto, and made a part hereof as Exhibit "C". All required administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff was employed by Defendant from on or about September 28, 2020 until on or about August 19, 2021, at which time Defendant wrongfully terminated her. She held the position of Licensed Funeral Director at the time of separation from employment. Plaintiff performed within the employer's reasonable expectations at all material times to this Complaint, and she had received no disciplinary actions at any time during her employment by Defendant.

5. During the Plaintiff's employment, she informed her General Manager, and also her Funeral Director Manager, that she was diagnosed with a serious medical/psychological condition for which she was receiving treatment. The condition constituted a disability, perceived disability, and record of impairment, and it was an actual disability for the purposes of the ADA. When the symptoms of Plaintiff's disability were not controlled by her medication, they substantially interfered with her major life activities, including the major life activity of mood regulation. Nevertheless, the Plaintiff fulfilled the essential functions of her position, along with many additional assigned duties, with compassion and professionalism. The Plaintiff,

not surprisingly, had no history of disciplinary actions, and was a highly qualified professional within the Funeral industry.

6. Throughout much of Plaintiff's employment, she was Defendant's *de facto* Funeral Director Manager. In addition to her regular duties as a Funeral Director, Plaintiff also was assigned and completed numerous managerial duties. After April 16, 2021, Plaintiff handled all of the responsibilities of running the funeral home.

7. Nevertheless, by information and belief, Defendant paid Plaintiff less than it paid its similarly situated male Funeral Director Managers, including two males who worked for the Defendant in Muncie, Indiana, for doing the same work.

8. On May 5, 2021 and July 7, 2021, Plaintiff asked her General Manager for raise to make up for, among other things the extra hours the Defendant was requiring her to work. Had the raise been granted, it would have been commensurate with the Plaintiff's duties and responsibilities that she actually was performing, and brought her rate of pay more in line with the similarly situated males were paid by the Defendant. The Defendant denied the request.

9. The Plaintiff was also denied official promotion into the position of Funeral Director Manager, in spite of being the *de facto* Funeral Director Manager at the Defendant's location where she was employed. The Defendant though performed interviews for the position with one or more similarly situated nondisabled individuals for the same position, and offered the position, in spite of the Plaintiff's extensive qualifications and more relevant experience both in the funeral industry in general and in her work for the Defendant. Defendant meanwhile failed to even interview the Plaintiff, and

declined to hire or promote her into the position in spite of her superior qualifications.

10. On or about August 19 , 2021, Defendant terminated Plaintiff. The proffered reasons for the termination were that she allegedly had been unprofessional, and improperly contacted an unhappy family member of a decedent about feedback the family member had submitted on a survey addressing services that had been provided. The Plaintiff adamantly denies that she ever spoke to that family member regarding the survey, and adamantly denies she behaved in an unprofessional manner. The proffered reason for termination was in spite of the Plaintiff's qualifications and superior job performance.

11. The timing of the termination was also suspicious, because:

   a. Shortly prior to the termination, the Defendant had received a customer survey, which included the offensive ageist suggestion that the Plaintiff "should retire".  But irrespective of the Plaintiff's age at the time (58 years old), as the Defendant knew, the Plaintiff had always performed her duties professionally and effectively, and Defendant knew there was no justification to assume that because of her age, that the Plaintiff should not continue in her employment. The Plaintiff contends, that the Defendant adopted the customer's view that the Plaintiff, due (at least in part) to her age, should no longer be working.

   b. In addition, within the days prior to the termination, the Plaintiff had reported to her General Manager that one of her coworkers had verbally harassed her and called her "mental and paranoid", in reference to her disability.   The employee involved however, was male, and was not discharged or disciplined for the

–4–

discriminatory verbal abuse of the Plaintiff.

12. Plaintiff contends that Defendant's proffered reasons for termination were false and pretextual, and that in reality Defendant discriminated against her, denied her raises and promotions, harassed her, retaliated against her, and wrongfully terminated her on the basis of her disability/perceived disability/record of impairment (diagnosed anxiety related disorder), her age (over 40), and/or her sex (female), in violation of the Plaintiff's federally protected rights under the ADA, Title VII, and the ADEA.

13. The Defendant's unlawful and discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and additionally subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

14. The Defendant's discriminatory and/ or retaliatory conduct, was also intentional, knowing, willful, wanted, and in reckless disregard of the Plaintiff's federally protected rights under the ADA, Title VII, and/or ADEA. Imposition of punitive damages (available under the ADA and Title VII) , and liquidated damages (available under the ADEA) is warranted.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages (where available), liquidated damages (where available), 8% interest, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

## VERIFICATION

I affirm under penalties for perjury that the above and foregoing representations are true.

Dated: September 20, 2022                                /s/ *Karolee Gregerson*

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:     (260) 424-0600
Facsimile:      (260) 424-0712
E-Mail:           cmyers@myers-law.com
Attorney for Plaintiff